**PRICE LAW GROUP, APC**
David A. Chami, AZ #027585
1204 E Baseline Rd., Suite 102
Tempe, AZ 85283
P: 818-907-2133
Fax: 866-401-1457
david@pricelawgroup.com
*Attorneys for Plaintiff Richard Burgmeier*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| RICHARD BURGMEIER,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>JPMORGAN CHASE BANK, N.A.; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; and EQUIFAX INFORMATION SERVICES LLC<br><br>　　　　Defendants. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATION OF:**<br><br>THE FAIR CREDIT REPORTING ACT [15 USC § 1681 et. seq.] |

## INTRODUCTION

1. Richard Burgmeier ("Plaintiff") bring this action to secure redress from JPMorgan Chase Bank, N.A. ("Chase"), Trans Union LLC ("TransUnion"), Experian Information Solutions Inc. ("Experian"), and Equifax Information Services LLC ("Equifax") (herein collectively as "Defendants") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et. seq., and their agents for their illegal reporting on Plaintiff's credit reports.

///

///

## PARTIES

2. Plaintiff Richard Burgmeier is a consumer, a natural person allegedly obligated to pay a debt, and a citizen of the United States of America who presently reside in: Maricopa County, Arizona.

3. Defendant Chase is a bank and mortgage company that offers servicing, origination, and transaction-based real estate services to people including homeowners, home buyers, home sellers, investors, and other real estate market participants. Chase's main headquarters is located in New York, New York and regularly transacts business throughout the United States including Arizona and can be served at C T Corporation System, 3800 N Central Ave. Suite 460, Phoenix, AZ 85012.

4. Chase is in the practice of furnishing consumer information to consumer reporting agencies, and is therefore a "furnisher of information" as contemplated by 15 U.S.C. § 1681s-2(a) & (b).

5. TransUnion is a *credit reporting agency*, as defined in 15 USC 1681a(f). On information and belief, TransUnion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing *consumer reports*, as defined in 15 USC 1681a(d), to third parties. TransUnion can be served through its registered agent Prentice-Hall Corp System located at 2338 W Royal Palm Rd., Suite-J, Phoenix Arizona 85021.

6. Defendant, Experian is a *credit reporting agency*, as defined in 15 USC 1681a(f). On information and belief, Defendant is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing *consumer reports*, as defined in 15 USC 1681a(d), to third parties. Experian can be served through its registered agent CT Corporation System located at 3800 N Central Ave., Suite 460, Phoenix Arizona 85012.

7. Defendant, Equifax is a *credit reporting agency*, as defined in 15 USC 1681a(f)). On information and belief, Defendant is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing *consumer reports*, as defined in 15 USC 1681a(d), to third parties. Equifax can be served through its registered agent Prentice-Hall Corp System located at 2338 W Royal Palm Rd., Suite-J, Phoenix Arizona 85021.

8. On information and belief, TransUnion, Experian, and Equifax disburse the *consumer reports* to third parties under contract for monetary compensation.

9. At all relevant times, Defendants acted through duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION

10. The District Court has federal question jurisdiction over these claims pursuant to 28 U.S.C. § 1331; 15 U.S.C. 1681.

11. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District. Defendants transact business in this district, as such personal jurisdiction is established.

## FACTUAL ALLEGATIONS

12. On or about August 2, 2012, Plaintiff and Chase entered into a settlement agreement to pay off the remaining balance on a home loan.

13. The address of that property was 13626 S 34th Street, Phoenix, AZ 85044.

14. Plaintiff and Chase agreed to settle the debt through a short sale.

15. The short sale was finalized on August 30, 2012 and Chase received their settlement payment of $36,711.00.

16. Chase agreed to accept the $36,711.00 as payment in full on the account.

17. Unbeknownst to Plaintiff, Chase began unlawfully reporting the debt on Plaintiff's credit report as a Charge-Off with a remaining due balance.

18. The charge-off was being reported after the short sale had occurred.

19. In or around June of 2015, approximately three years after the short sale, Plaintiff attempted to qualify for a loan through Wells Fargo; however, he was advised that he would be unable to obtain such a loan.

20. Plaintiff, at that time, learned of the inaccurate reporting by Chase.

21. On or about August 17, 2015, in an effort to correct the inaccurate information, Plaintiff sent dispute letters to Defendants TransUnion, Equifax and Experian.

22. The dispute letters explained that the Property had been sold through a short sale. The letters also stated that the accounts should be reporting as "paid or closed account/zero balance" instead of the "charge-off" that was reporting.

23. The letters also mentioned the CDIA's regulations that "foreclosure proceedings started" must be deleted following a short sale.

24. Attached to the letters were Chase's settlement agreement with Plaintiff as well as the HUD-1 settlement statement explaining how the settlement would be paid.

25. Despite the detailed information, Equifax, TransUnion, and Experian only deleted the comments about the foreclosure proceedings from the account. The balance and the "charge-off" status remained.

26. On or around September 17, 2015, not having resolved the incorrect reporting, Plaintiff sent another set of letters to Experian, Equifax, and TransUnion disputing the incorrect Chase account information.

27. The letters to Equifax and TransUnion specifically asked for more detailed information relating to the investigation process and how Equifax went about investigating the initial dispute.

- 5 -
COMPLAINT AND DEMAND FOR JURY TRIAL

28. Equifax responded to the dispute on October 5, 2015. The response did not provide specific investigation information, but they did provide a more detailed report of the disputed account.

29. The Chase account was still reporting with a balance and as "charged-off".

30. TransUnion responded to the dispute on October 10, 2015. The response did not provide specific investigation information, but it did provide a more detailed report of the disputed account.

31. The Chase account was still reporting a balance and as "charged-off".

32. The dispute letter sent to Experian did not request investigation information, it just provided information regarding the Chase account. The settlement agreement and the HUD-1 form were again sent with this letter.

33. Experian responded to this dispute on September 29, 2015. The Chase account was still reporting as "charged-off" with a balance of $139,871.

34. On September 17, 2015, Plaintiff sent a dispute letter directly to Chase. The letter explained that the account was settled and the following documents were attached: Consumer Data Industry Association Guideline for Data Furnishers on Reporting a Short Sale, and the CDIA Guideline for Data Furnisher Reporting After a Foreclosure is Cancelled.

35. Around the same time, on September 29, 2015, Plaintiff applied for a loan through US Bank. This loan application was denied.

36. Plaintiff sent two more dispute letters to each of the CRA defendants. Equifax, Experian, and TransUnion each received a dispute related to the Chase account in October and November of 2015.

37. Along with each of the disputes sent to the CRA Defendants, Plaintiff attached the Settlement Agreement Confirmation from Chase as well as the HUD-1 Settlement Statement.

38. Defendants Equifax, Experian, and TransUnion responded to each of the additional dispute letters. Each time they continued to report the balance of $139,871 on the Chase account along with a status of "charge-off".

39. On or about October 16, 2015, Plaintiff sent a second letter directly to Chase regarding the incorrect account information.

40. This letter included copies of the Settlement Agreement Confirmation along with the HUD-1 Settlement Statement.

41. The account information, again, was not corrected on Plaintiff's credit reports.

42. On or about July 14, 2016 Plaintiff sent Defendants TransUnion, Equifax and Experian a fifth, and final, dispute letter regarding the Chase account. Plaintiff, again, explained that the home had been sold in a short sale and that Chase agreed to accept the payment as settlement in full.

COMPLAINT AND DEMAND FOR JURY TRIAL

43. On July 29, 2016, Equifax, Experian, and TransUnion responded to the dispute letter. None of the credit reports were updated and all continued to report the $139,871 balance on the Chase account along with the "charge-off" status.

44. Between August 30, 2012, when the Property was involved in a short sale, and the present date, Defendant Chase has continued to report a remaining account balance to Defendants Equifax, Experian, and TransUnion.

45. Defendant Chase continues to report inaccurate information to the Defendant CRAs.

46. By reporting the account as a Charge off with a remaining balance, the Defendants mislead prospective lenders to believe that there is a collectable balance owed on the account.

47. The reporting by Defendants has caused Plaintiff to not qualify for several loans through Wells Fargo and US Bank.

48. The months of credit disputes and the continued inaccurate reporting on Plaintiff's credit report have caused Plaintiff severe emotional distress and mental anguish.

**FIRST CAUSE OF ACTION**
**All Defendants**
**Violations of the FCRA, 15 U.S.C. § 1681 *et. seq.***

49. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. The FCRA requires a furnisher such as Chase, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher, to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

51. Since August 2012 and until the present, Chase has provided inaccurate information to the credit reporting agencies.

52. During that time, Plaintiff notified Defendant Credit Reporting Agencies that the reported account balance was incorrect and that the account was not supposed to be a "charge-off". Thereafter, the credit reporting agencies notified Defendant Chase that Plaintiff was disputing the information it had furnished to the credit reporting agencies.

53. Defendant Chase is liable under sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(b):

   (a)  Willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

- 9 -

COMPLAINT AND DEMAND FOR JURY TRIAL

(b) Willfully and negligently failing to review all relevant information concerning Plaintiff mortgage;

(c) Willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

(d) Willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

(e) Willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

(f) Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff to the credit reporting agencies; and

(g) Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

54. Defendant Chase's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual, and punitive damages, along with

attorneys' fees and costs, as well as other such relief, permitted by 15 U.S.C. § 1681n.

55. The FCRA provides that if the completeness or accuracy of any item of information contained in a consumer's file at a *consumer reporting agency* is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or delete the item from the file within thirty (30) days of receiving the consumer's dispute notice. 15 U.S.C. § 1681i(a)(2)(A).

56. The Act further requires the credit reporting agency, within 5 business days of receiving notice of the consumer's dispute, to provide notification of the dispute to the person who furnished the information in dispute and requires the credit reporting agency to "include all relevant information regarding the dispute that the agency received from the consumer." 15 U.S.C. § 1681i(a)(2)(A). In conducting its reinvestigation of disputed information in a consumer report, the credit-reporting agency is required to "review and consider all relevant information submitted by the consumer."

57. The Defendant, credit-reporting agencies, failed to conduct a reasonable reinvestigation of the inaccuracy that the Plaintiff disputed.

58. The Defendant, credit-reporting agencies, failed to review and consider all relevant information submitted by Plaintiff.

59. The Defendant, credit reporting agencies, failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information, and file, in violation of 15 U.S.C. § 1681e(b).

60. As a result of the above-described violations of § 1681i and § 1681e(b), Plaintiff has sustained damages.

61. The Defendant, credit-reporting agencies', violations of the FCRA were willful and therefore Plaintiff is entitled to seek statutory and punitive damages.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully request that judgment be entered against Defendant for the following:

A. Actual damages pursuant to 15 U.S.C. § 1681n(a);

B. Statutory damages pursuant to 15 U.S.C. § 1681n(a);

C. Punitive Damages pursuant to 15 U.S.C. § 1681n(a)(2);

D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§1681n(c) and 1681o(b);

E. Any pre-judgment and post judgment interest as may be allowed under the law; and

F. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

DATED this 9th day of December, 2016,

**PRICE LAW GROUP, APC**

By: */s/David A. Chami*

David A. Chami
*Attorneys for Plaintiff Richard Burgmeier*